

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| vs. | § CRIMINAL ACTION NO.: 5:19-264-MGL-2 |
| | § |
| SHIMIKA L. ADGERSON, | § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTIONS AND REQUEST TO REDUCE HER SENTENCE**

### I.   INTRODUCTION

Pending before the Court are Defendant Shimika L. Adgerson's (Adgerson) motions to reduce her sentence. She also requests a sentence reduction under recent amendments to the United States Sentencing Guidelines Having carefully considered the motions, the request, the response, the record, and the applicable law, it is the judgment of the Court the motions and request will be denied.

### II.   FACTUAL AND PROCEDURAL HISTORY

Adgerson pled guilty, pursuant to a plea agreement, to unlawful use and maintenance of a residence for the purpose of distributing methamphetamine, in violation of 21 U.S.C. § 856(a). The Court sentenced Adgerson to thirty months of incarceration and a three-year-term of supervised release.

Adgerson's spleen was removed in 2020 after she was shot. She also suffers from chronic stomach pains. She has previously had surgery to treat the issue, as well as a cystectomy. She has received two doses of the Pfizer vaccine against COVID-19.

Adgerson currently has a projected release date of December 24, 2024.

After Adgerson filed her initial motion, amended United States Sentencing Guidelines went into effect. She filed the request inquiring about her eligibility for a sentence reduction under the changes. And, she provided the Court with documentation showing the exhaustion of her administrative remedies.

Additionally, the Court presented Adgerson the opportunity to amend her motion based on the changes to the guidelines. Adgerson did so. Subsequently, the government responded. Adgerson failed to file a reply. The Court, having been fully briefed on the relevant issues, will now adjudicate the motions and request.

**III.   STANDARD OF REVIEW**

After a defendant has exhausted her administrative remedies, the Court may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must consider whether the extraordinary and compelling reasons are "consistent with applicable policy statements issued by the Sentencing Commission[.]" *Id.* § 3582(c)(1)(A). As of November 1, 2023, United States Sentencing Guideline (U.S.S.G) § 1B1.13 contains the applicable policy statement.

Section 1B1.13 now identifies six circumstances that, individually or in combination, may provide "extraordinary and compelling reasons" for a reduction in sentence: (1) certain medical circumstances of the defendant; (2) the defendant's age and conditions related to her age; (3) the

defendant's family circumstances; (4) the fact that the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional officer, (5) "any other circumstances or combination of circumstances . . . similar in gravity to" the enumerated situations in the policy statement; and (6) the defendant received an "unusually long sentence[.]" U.S.S.G. § 1B1.13(b).

Finally, even if the Court finds extraordinary and compelling reasons to support relief, it retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors.  *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021).

### IV.    DISCUSSION AND ANALYSIS

#### A.    *Whether Adgerson presents extraordinary and compelling reasons warranting a reduction of her sentence under 18 U.S.C. § 3582(c)*

As to her compassionate release arguments, Adgerson has exhausted her administrative remedies.  The Court thus turns to the merits of her motions.

Adgerson posits her various medical conditions, and the resultant vulnerability to COVID-19, establish extraordinary and compelling reasons.  The government maintains Adgerson's conditions fail to substantially diminish her ability to provide self-care in the BOP.

Under U.S.S.G. § 1B1.13, extraordinary and compelling reasons for a reduction in sentence exist with respect to a medical condition when either the defendant is suffering from a terminal illness—defined as a serious and advanced illness with an end of life trajectory—or from a serious condition or impairment that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility[.]"  U.S.S.G. § 1B1.13(b)(1).

As stated above, Adgerson's spleen was removed in January 2020 after she was shot.  She also suffers from stomach problems related to surgical complications.  She neglects to allege any

of these conditions is terminal. Moreover, although she asserts BOP is failing to address her conditions, it appears from her medical records the BOP is adequately managing them. And, the Court was aware of Adgerson's conditions when it sentenced her in November 2022.

Additionally, any increased risk of COVID-19 from her conditions fails to afford her relief. Adgerson has neglected to present any evidence of any acute risk that elevates her ailments from other chronic, but managed, illnesses. What is more, Adgerson's risk is mitigated by her receipt of two doses of the Pfizer vaccine. *See United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release.").

In sum, Adgerson's medical conditions fail to rise to the level of extraordinary and compelling reasons for her release.

Moreover, Adgerson argues her rehabilitation constitutes extraordinary and compelling reasons under the catch-all provision of the guideline, which states "any other circumstances or combination of circumstances . . . similar in gravity to" the other enumerated circumstances are extraordinary and compelling reasons. U.S.S.G. § 1B1.13(b)(5).

But, Congress has explained "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason[.]" 28 U.S.C. § 994(t).

Thus, Adgerson has failed to set forth extraordinary and compelling reasons for her release.

### B. Whether the Section 3553(a) factors weigh in favor of a reduction of sentence

Even if the Court determined extraordinary and compelling circumstances exist in this case, however, analysis of the Section 3553(a) factors would preclude reducing Adgerson's sentence. *See* 18 U.S.C. § 3582(c)(1)(A) (the Court may grant compassionate release only "after considering

4

the factors set forth in section 3553(a) to the extent that they are applicable[.]"). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) "the need for the sentence imposed—
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes by the defendant;
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for [the offense] . . .[;]
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The government admits Adgerson likely fails to present a danger to the community, given her minimal criminal history and low-risk classification at the Bureau of Prisons. But, Adgerson pled guilty to a serious offense. She used her residence for the purpose of storing and distributing controlled substances. She also possessed firearms in connection with the offense.

As mentioned in the previous section, Adgerson asserts she has taken steps toward rehabilitation while incarcerated, which the government acknowledges. Although the Court is pleased with Adgerson's rehabilitative efforts, and encourages Adgerson to continue them, she has done no more than the Court hopes of every defendant.

Overall, Adgerson's thirty-month sentence creates no unwarranted disparity among similarly situated defendants. In fact, the Court departed downward from her original guideline

range of 168 to 210 months based on a motion from the government to reward substantial assistance.

Considering the balance of the factors, therefore, the Court determines a reduced sentence is inappropriate. Adgerson's current sentence is sufficient, but no longer than necessary, to promote respect for the law, provide adequate deterrence, reflect the seriousness of her offense, and is a just punishment in this case. The Court will therefore deny Adgerson's motions to reduce her sentence.

### C. *Whether Adgerson is eligible for an Amendment 821 reduction*

Finally, in addition to arguing she is entitled to compassionate release, Adgerson posits in her request she is entitled to a reduction in her sentence based upon the recent retroactive changes to the sentencing guidelines. *See* U.S.S.G. Amend. 821 (changing the offense-level calculations for certain defendants); Amend. 825 (making Amend. 825 retroactive).

The guidelines now provide for a two-point offense level decrease for defendants with no criminal history points whose offense failed to involve specified aggravating factors. U.S.S.G. § 4C1.1(a).

Although Adgerson received no criminal history points at sentencing, she is ineligible for a sentence reduction under this provision because she possessed a firearm in connection with her offense. *See* USSG § 4C1.1(a)(7) (explaining to be eligible for a sentence reduction under the new guideline, a defendant must not have "possess[ed], receive[d], purchase[d], transport[ed], transfer[ed], s[old], or otherwise dispose[d] of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense").

Thus, the Court will deny her request for a reduction under the new "Zero Point Offender" guideline amendment.

## V. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Adgerson's motions to reduce her sentence, ECF Nos. 213 and 223, and her request to reduce her sentence, ECF No. 216, are **DENIED**.

**IT IS SO ORDERED.**

Signed this 5th day of March 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
